**\*\*E-filed 11/17/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KENNETH CHRISTISON, | No. C 11-4382 RS |
| Plaintiff, | **ORDER GRANTING MOTION TO TRANSFER** |
| v. | |
| BIOGEN IDEC, INC., et al., | |
| Defendants. | |

This action arises from the death of Annalee Christison, allegedly as the result of her use of the drug Tysabri, which had been prescribed by her personal physician to treat her MS. Plaintiff Kenneth Christison brings suit as Annalee's surviving spouse and the representative of her estate. The Christisons at all times were residents of Utah. Annalee was prescribed Tysabri in Utah, and she died in Utah.

Kenneth filed this proceeding in San Mateo Superior Court against defendants Biogen IDEC, Inc. and Elan Pharmaceuticals, who allegedly jointly developed and market Tysabri. Biogen is a Delaware corporation, with its principal place of business in Massachusetts. Elan is also incorporated in Delaware, and is headquartered in California. The Tysabri Annalee took, however, was manufactured in, and shipped from North Carolina. Biogen admits to having had some research facilities in California, but none that were involved in the development or marketing of Tysabri.

Biogen moves to transfer this action to the District of Utah. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion for transfer pursuant to § 1404(a) lies within the discretion of the court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The decision whether to grant such a motion turns on the facts of the particular case. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) Factors to be weighed include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones* at 498-99.

Here, the only factor even arguably tilting in favor of denying the motion is plaintiff's choice to file suit here. Plaintiff, however, is not a resident of this forum and the injury did not occur here. "[I]n contrast to the strong presumption in favor of a domestic plaintiff's forum choice, 'a foreign plaintiff's choice deserves less deference.'" *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir.2000) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 256 (1981)). "The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied into the notion that plaintiffs should be discouraged from forum shopping." *Williams v. Bowman*, 157 F.Supp.2d 1103, 1107 (N.D.Cal.2001). Thus, if there is any indication that a plaintiff is forum shopping, its choice will be given little deference. *Id*. at 1106. Additionally, a plaintiff's choice is given little weight when the facts giving rise to the action have little connection to the forum. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.") (footnote omitted).

In opposing the motion, plaintiff faults Biogen for downplaying the fact that its co-defendant Elan is headquartered and doing business in California. While that may be so, it is not sufficient to tip the balance back in favor of proceeding with this litigation here when the matter is otherwise so plainly centered in Utah. Although some Elan-related witnesses and documents conceivably could be located in California, Biogen has adequately identified non-party witnesses, including, importantly, the prescribing physician, who not only reside in Utah but who therefore could not be compelled to testify at trial were the matter to remain here. Accordingly, the motion to transfer this action to the District of Utah is granted.[1]

IT IS SO ORDERED.

Dated:  11/17/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] In light of this disposition, it would be inappropriate to decide Biogen's alternative motion to dismiss or Elan's joinder therein.